UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GPS OF NEW JERSEY, MDPC,<br><br>                      Plaintiff,<br><br>-against-<br><br>CIGNA,<br><br>                      Defendant. | Index No.:<br><br>**COMPLAINT** |

Plaintiff, GPS of New Jersey ("Plaintiff"), by and through its attorneys, Gottlieb and Greenspan, LLC, by way of Complaint against CIGNA ("Defendant"), alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff is a New Jersey medical practitioner who specializes in plastic and reconstructive surgery and is registered to do business in the State of New Jersey with a principal place of business at 272274 High Street, Perth Amboy, NJ 08861.

2. Upon information and belief, Defendant, CIGNA, is engaged in providing and/or administering health care plans or policies in the state of New Jersey.

3. Jurisdiction is proper in this Court pursuant to 9 U.S. Code §9.

**FACTUAL BACKGROUND**

4. On May 22, 2022, Plaintiff performed emergency surgical treatment on V.C. ("Patient"), to treat a deep complex wound to the left eyebrow.

5. At the time of his treatment, Patient was the beneficiary of a health insurance plan issued or administered by Defendant.

6. After treating Patient, Plaintiff submitted a Health Insurance Claim Form ("HCFA") medical bill to Defendant seeking payment in the amount of $18,995.00.

7. In response to Plaintiff's HCFA, Defendant generated an explanation of benefits indicating that a payment of $243.71 would be rendered for the services provided.

8. As an out-of-network provider, Plaintiff does not have a network contract with Defendant that would determine or limit payment for Plaintiff's services to Defendant's beneficiaries.

9. However, since the services were rendered emergently/inadvertently, the payment process for Plaintiff's services is governed by the Federal No Surprises Act ("the Act").

10. Pursuant to the Act, an out-of-network provider reserves the right to dispute an insurance carrier's reimbursement for qualifying out-of-network services and initiate a 30-day negotiation period.

11. Plaintiff disputed Defendant's payment and initiated the negotiation period called for by the Act.

12. Pursuant to the Act, if the payment dispute between the provider and carrier is not resolved during the negotiation period, the provider can initiate arbitration under which the proper reimbursement amount is determined by a neutral arbitrator. Plaintiff initiated such an arbitration as called for by the Act.

13. On November 29, 2022, the arbitrator ruled in Plaintiff's favor, awarding Plaintiff $14,355.00. (See, Arbitration Award, attached hereto as Exhibit A.)

14. Pursuant to the Act, if it is determined in arbitration that an additional amount remains due, the carrier has 30 days from the date of the arbitration award to issue the additional payment.

15. In this case, the additional payment was due on December 29, 2022. However, Defendant failed to issue the additional payment amount awarded in arbitration.

16. As of the date of this Complaint, 217 days have elapsed since Respondent's deadline to submit the award payment to Plaintiff.

17. Plaintiff made good faith attempts to secure the outstanding award payment from the Respondent by sending an email requesting payment on April 2, 2023, and a formal demand letter on April 26, 2023.

18. As a result, Plaintiff has been damaged in the amount of $14,355.00 and continues to suffer damages in the operation of its medical practice.

## COUNT ONE

### PLAINTIFF SEEKS RELIEF IN ACCORDANCE WITH 9 U.S. CODE § 9

19. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 18 of the Complaint as though fully set forth herein.

20. Under 9 U.S. CODE § 9, if the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order

21. In this case, while the parties do not have an agreement that a judgment of the court shall be entered upon the arbitration award at issue, the arbitration award was issued pursuant to the Federal No Surprises Act.

22. It is against equity and good conscience to deprive Plaintiff of a remedy to enforce an arbitration award issued in accordance with federal law.

23. Accordingly, Plaintiff brings this action for an Order confirming the applicable arbitration award dated November 29, 2022.

## COUNT TWO

### VIOLATION OF THE FEDERAL NO SURPRISES ACT

24. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 23 of the Complaint as if fully set forth herein.

25. Under the federal No Surprises Act, a party is permitted to initiate the federal IDR process after a mandatory thirty-day negotiation period if the parties are unable to agree on the out-of-network rate for medical services.

26. In the instant case, the parties were unable to agree on the out-of-network rate for the services provided, and the parties therefore proceeded to arbitration as called for by the No Surprises Act.

27. On November 29, 2022, Federal Hearings and Appeal Services, LLC issued an arbitration award in Plaintiff's favor, awarding Plaintiff $14,355.00.

28. According to the No Surprises Act, the Respondent had until December 29, 2023, to remit payment to Plaintiff.

29. As of the date of the filing of this Complaint, Respondent has failed to remit payment to Plaintiff.

30. As such, Respondent has failed to comply with the requirements of the No Surprises Act.

### CLAIM FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

A. For an Order confirming the arbitration award dated November 29, 2022.
B. For an Order directing Defendant to pay Plaintiff $14,355.00.
C. For attorney's fees and costs of suit; and
D. For such other and further relief as the Court may deem just and equitable.

Dated: Oakland, New Jersey
       August 3, 2023

                                GOTTLIEB AND GREENSPAN, LLC
                                *Attorneys for Plaintiff*

                    By:    /s/ *Jerel Saul*
                            Jerel Saul
                            169 Ramapo Valley Road, Suite ML3
                            Oakland, New Jersey 07436
                            (201) 644-0896